```
             IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| ELLEN BUCKINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-065-A |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the above-captioned action wherein Ellen A. Buckingham is plaintiff and the Commissioner of Social Security, currently Jo Anne B. Barnhart, is defendant. On January 3, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until January 25, 2006, in which to file and serve any written objections thereto. On January 24, 2006, plaintiff filed her objections. Defendant responded to the objections on February 3, 2006.

### I.

### Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made

objections thereto, the district judge makes a <u>de novo</u> determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

## II.

### Plaintiff's Objections and Rulings Thereon

Plaintiff made two objections to the FC&R.  First, plaintiff complains that the magistrate judge erred in not holding that the administrative law judge ("ALJ") failed to reasonably incorporate all of plaintiff's limitations into the hypothetical question the ALJ proposed to the vocational expert.  Second, plaintiff objects to the magistrate judge's conclusion that the ALJ was not required to make a finding that plaintiff is able to sustain work activity in light of vocational expert testimony that problems with concentration could result in problems sustaining employment.  The court concludes that neither objection has merit.

As to the first, plaintiff's basic criticism of the ALJ's hypothetical question to the vocational expert is that the question omitted impairment in concentration, persistence, or pace.  This criticism of the ALJ's question fails to recognize that the ALJ legitimately could conclude from the record that plaintiff did not have significant concentration, persistence, or pace deficits.  The ALJ was entitled to disregard temporary

exacerbations of symptoms due to medication noncompliance, and was not bound by vocational expert testimony offered by plaintiff that assumed hypothetical limitations in the form of concentration deficit.

The thrust of the second objection is that the magistrate judge erred by not concluding that the ALJ should have made an affirmative finding as to whether plaintiff had sufficient ability to concentrate to <u>sustain</u> employment.  The fallacy in plaintiff's second objection is that it overlooks that the finding by the ALJ that plaintiff's ability to work would be limited to "no work with the general public and only superficial interaction with the public or co-workers," Tr. 18, ¶ 10, subsumes the concentration issue.  The record supports the ALJ's conclusion that the issue of ability to sustain employment turned on the ability of plaintiff to work, and interact, with the general public and with co-workers, not whether plaintiff could concentrate.  The testimony of the medical expert on this subject was as follows:

> Q  What do you see as appropriate restrictions?
>
> A  It appears to be social, is the main one, more irritability with people.  I would say that she's not going to be able to deal with the public and only superficial interaction with coworkers, not a lot of team work.
>
> . . . .
>
> Q  Dr. Turbeville, do you see that stress would be a, a problem for, for Ms. Buckingham in her job?
>
> A  The stresses that I have seen documented in the record, a lot of times they are intimate relations, rights with ex-husbands and those kinds of issues that

4

>    will get her very irritable.  She's also talked about
>    irritability with others.  To me that is the most
>    stressful thing for her is conflict resolution, how to
>    solve conflicts without getting so upset and enraged
>    that I lose control.
>
>    . . . .
>
>    Q  Could that have to do with her -- could, could
>    her difficulty in dealing with the conflicts be
>    exacerbated by her depression or her mood swings?
>
>    A  It's certainly a part of her psychiatric
>    illness.
>
>    Q  Would, would that impact her ability to sustain
>    regular employment?
>
>    A  I think if she had to do a lot of conflict
>    resolution in employment, had to do a lot of teamwork
>    where there's a lot of you do this, I do this, we, you
>    know, resolve conflicts in teamwork, it might.
>
>    Q  Would the difficulty in her resolving conflicts
>    in her personal life because of her, because of her
>    medical problem, would that impact her ability to, to
>    sustain and be regular at going to work at any job on a
>    regular dependable eight-hour a day basis, five days a
>    week?
>
>    A  I have not seen that in the record.
>
>    . . . .
>
>    Q  Okay.  So, so would you, would you believe she
>    would have difficulty in sustaining employment, looking
>    at the, at, at the overall problem, problem with her
>    conflict resolution in her personal life and --
>
>    A  Yes, I said <u>she would have difficulty
>    sustaining employment where she has to deal a lot with
>    angry public or do a lot of, of conflict resolution.  I
>    don't think she would in other jobs</u>.

Tr. 484-86 (emphasis added).  The question of whether a

concentration deficit would interfere with plaintiff's ability to

sustain employment simply was not presented.  The magistrate

judge adequately dealt with the only factors presented by the

5

record on that issue.

### III.
### Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations.  Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED March 30, 2006.

       /s/ John McBryde
    JOHN McBRYDE
    United States District Judge